FILED
MAR -6 2020
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re Subpoena Of<br><br>Apple Inc. | Case No. CV20-80059 MISC NC<br><br>**PLAINTIFF'S MOTION**<br>**(1) TO COMPEL PRODUCTION OF DOCUMENTS BY THIRD PARTY APPLE INC., AND**<br>**(2) FOR TRANSFER MOTION TO WESTERN DISTRICT OF WASHINGTON PURSUANT TO FED. R. CIV. P. 45(f)** |
| **Underlying Case**<br><br>Sean WILSON, Individually and on Behalf of All Others Similarly Situated,<br><br>*Plaintiff,*<br><br>*v.*<br><br>PTT, LLC, a Delaware Limited Liability Company d/b/a High 5 Games, LLC, a Delaware Limited Liability Company;<br><br>*Defendant.* | No. 18-cv-5275 (W.D. Wash.) |

# INTRODUCTION

In April 2018, Plaintiff Sean Wilson filed a proposed class action lawsuit against a Delaware company doing business as High 5 Games ("High 5"). *See* Exhibit 1 (Proposed Class Action Complaint). Filed in the Western District of Washington, the case alleges that High 5 operates illegal app-based online casinos, and under Washington law is obligated to return to Plaintiff and members of the putative class their losses to High 5's illegal online casinos. *See, e.g.*, *Kater v. Churchill Downs Inc.*, 886 F.3d 784, 788 (9th Cir. 2018) ("Because the virtual chips are a 'thing of value,' we conclude that [one of High 5's competitor's apps] falls within Washington's definition of an illegal gambling game.") (citing Wash. Rev. Code § 9.46.0237). Based largely on the Ninth Circuit's opinion in *Kater*, the district court denied High 5's motion to dismiss. *Wilson v. PTT, LLC*, 351 F. Supp. 3d 1325, 1340 (W.D. Wash. 2018). Class certification related discovery then ensued.

The key class certification evidence in this case is transaction-level data from within High 5's social casino games. That's so because the thrust of Plaintiff's lawsuit is that those transactions are illegal and, under Washington law, must be refunded. In response to Plaintiff's Requests for Production seeking this transaction data, *see* Exhibit 2, High 5 has—to its credit—produced a substantial volume of data. But its productions have not been complete, and High 5 has consistently questioned the reliability of the location-related (*i.e*, IP address) data associated with the transaction logs it has produced. *See* Exhibit 3 (Letter from High 5's Counsel to Plaintiff's Counsel) ("High 5 has a continuing objection to the reliability of IP addresses as an indicator of location and has experienced a bug that has caused the return of internal IP addresses for some transactions.").

Fortunately, there is an elegant solution to this problem. In its capacity as the operator of the App Store, Apple—together with Google (the Google Play Store) and Facebook (Facebook Apps)—possesses all of the transaction data Plaintiff needs to prepare for his class certification brief. So in January 2020, Plaintiff served Apple with a subpoena seeking transaction data from High 5's main two casino apps. *See* Exhibit 4 (Subpoena to Apple). Apple served its objections

on January 28, 2020, *see* Exhibit 5 (Apple's Objections), and the parties have subsequently met and conferred several times in an effort to resolve their dispute. Unfortunately, the parties have not yet reached an agreement, and Plaintiff's deadline to issue class certification related discovery is March 6, 2020.

Consequently, through this enforcement proceeding, Plaintiff seeks to compel Apple to produce documents sufficient to allow Plaintiff to prepare his class certification motion. Specifically, this proceeding seeks to compel Apple to produce transaction-level information of transactions that the Apple "App Store" processed for two of High 5's apps: "High 5 Casino" and "High 5 Vegas."

Moreover, because High 5 has already moved for a protective order regarding this subpoena in the Western District of Washington, *see* Exhibits 6-8 (Briefing on Motion for Protective Order), this enforcement proceeding should be transferred to the to the Western District of Washington—the Court that has been overseeing the underlying litigation for nearly two years and has already been asked to weigh in on the propriety of Plaintiff's subpoena. The 2013 Advisory Committee Notes to Federal Rule of Civil Procedure 45(f) provide that transfer to the issuing court is appropriate in order to avoid disrupting the issuing court's management of the underlying litigation. This motion presents a textbook case for transfer along those lines.

The Court should transfer this proceeding to the Western District of Washington. Alternatively, the Court should enter an Order compelling Apple to comply immediately with the subpoena attached hereto as Exhibit 4.

**ARGUMENT**

**A.  Legal Standards**

A discovery dispute may be transferred from the district where compliance is required if "exceptional circumstances" justify the transfer. Fed. R. Civ. P. 45(f). One such set of exceptional circumstances is where transfer is necessary "to avoid disrupting the issuing courts management of the underlying litigation," such as when the issuing court has already been presented with complete briefing on the subpoena and an inconsistent ruling from the

compliance court could undermine the issuing court's authority to manage the case. *See Moon Mountain Farms, LLC v. Rural Cmty. Ins. Co.*, 301 F.R.D. 426, 429 (N.D. Cal. 2014); *Argento v. Sylvania Lighting Servs. Corp.*, No. 2:15-cv-01277, 2015 WL 4918065, at *5 (D. Nev. Aug. 18, 2015)

Once a non-party objects to a subpoena, "[a]t any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i). The scope of discovery a party may obtain through a subpoena is the same as that applicable under Federal Rule of Civil Procedure 26(b). *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 679 (N.D. Cal. 2006). That means a party may obtain "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1).

**B.     The Court Should Transfer This Proceeding To The Western District Of Washington**

Rule 45(f) provides for transfer of a subpoena enforcement proceeding, to the district where the subpoena was issued, where "exceptional circumstances" are found. As the 2013 advisory committee notes highlight, one such exceptional circumstance is where transfer is necessary "in order to avoid disrupting the issuing Court's management of the underlying litigation." *See* Fed. R. Civ. P. 45(f) Advisory Comm. Notes (2013). That's the case here.

The issuing Court has already been presented with complete briefing on a motion for a protective order by the defendant in the underlying case (High 5). By the time this motion is ripe, the issuing Court will in all likelihood have adjudicated the protective order dispute, and consequently will have "already ruled on issues presented by the motion." *Id*. And even if High 5's Motion for a Protective Order is not yet adjudicated at the time this motion becomes ripe, transfer is nevertheless appropriate. The underlying case is at a critical juncture, with class certification briefing imminent, and the information sought through the subpoena forms the crux of the Plaintiff's case. The district court that has been overseeing the underlying litigation for

nearly two years is uniquely positioned, at this critical juncture, to adjudicate the merits of Apple's objections.

While it's true that the prime concern for the Court in adjudicating a motion to transfer pursuant to Rule 45(f) "should be avoiding burdens on local nonparties subject to subpoenas," *see* Fed. R. Civ. P. 45(f) Advisory Comm. Notes (2013), any potential burden to Apple is outweighed here by the benefits of transfer. Apple is a multinational company worth north of one trillion dollars. The many international law firms it routinely taps for representation are all able to file papers in the Western District of Washington. In other words, this enforcement proceeding will be no more burdensome to Apple in the Western District of Washington than it would be in the Northern District of California.

Furthermore, efficiency and judicial economy would best be served by transferring this case to the Western District of Washington. *Argento v. Sylvania Lighting Servs. Corp.*, No. 2:15-CV-01277, 2015 WL 4918065, at *5 (D. Nev. Aug. 18, 2015) (efficiency and judicial economy relevant considerations). The District Court in the Western District of Washington knows the underlying litigation extremely well, given the last two years of litigation, and is uniquely well-positioned to adjudicate whether Apple should be compelled to comply with the subpoena. Given that, transfer to the Western District of Washington would further the interests of efficiency and judicial economy.

C.     **Alternatively, The Court Should Compel Apple To Comply With The Subpoena**

In the alternative, the Court should compel Apple to comply with the subpoena. The subpoenaed information—transaction-level information from within High 5's apps—is relevant because it will serve as a key exhibit to Plaintiff's imminent Motion for Class Certification. Apple's remaining objections are based primarily on purported burden concerns, but the computer query necessary to produce the subpoenaed information is exceptionally straightforward, and the responsive information likely constitutes just a few megabytes of data.

Because the subpoenaed information is relevant to the underlying dispute and because none of Apple's objections outweigh the need for the information, the Court should—in the

event that it does not order transfer this action to the Western District of Washington—order Apple to comply with the subpoena attached hereto as Exhibit 4.

## CONCLUSION

The Court should transfer this action to the Western District of Washington. In the alternative, the Court should order Apple to comply with the subpoena attached hereto as Exhibit 4.

DATED this 6th day of March, 2020

By: /s/ Todd Logan

Rafey S. Balabanian*
rbalabanian@edelson.com
Todd Logan*
tlogan@edelson.com
Brandt Silver-Korn*
bsilverkorn@edelson.com
EDELSON PC
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: 415.212.9300/Fax: 415.373.9435

*Attorneys for Plaintiff Sean Wilson*